1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Sharon Powers, | No. CV-16-03427-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Sharon Powers's appeal of the Social Security Administration's (SSA) decision to deny disability insurance benefits (Doc. 14). For the following reasons, the Court vacates the ALJ's decision and remands for consideration in accordance with this opinion.

**BACKGROUND**

Sharon Powers filed for disability benefits on July 11, 2012, alleging a disability date of May 23, 2012. Ms. Powers's application for SSA disability benefits asserts a strained lumbar region, asthma, left-side hip pain, numbness on left leg, learning disability, lower back spurs, and mild rotair scoliosis of the lumbar spine. (Tr. 230). Her claim was denied on November 29, 2012; reconsideration was denied on September 11, 2013. Ms. Powers requested a hearing from an administrative law judge (ALJ), which was held on February 5, 2015. The ALJ determined that Ms. Powers had severe impairments of: degenerative disc disease of the cervical spine, lumbar spine disease, paroxysmal atrial fibrillation, and knee osteoarthritis. (Tr. 20). With these impairments

taken into account, the ALJ found that Ms. Powers had the residual functional capacity (RFC) to perform light work with restrictions on the activities that could be performed. (Tr. 23). Because the ALJ determined that Ms. Powers could perform her past relevant work or other work that exists in the national economy, the ALJ found that Ms. Powers was not disabled under the Social Security Act. (Tr. 26–28). The Appeals Council denied the request to review, making the Commissioner's decision final. (Tr. 1–4). Ms. Powers now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

**I.	Legal Standard**

A reviewing federal court will address only the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n. 13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits when that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When evidence is "subject to more than one rational interpretation, [courts] must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981, F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

**II.	Analysis**

Plaintiff alleges that the ALJ erred by (1) discounting the weight afforded to Ms. Powers's treating physicians; (2) discounting Ms. Powers's credibility with regards

to her symptoms and their severity; (3) denying Ms. Power's request to subpoena the consultative examiner; and (4) discounting the weight afforded to a third-party report by Gary Powers.[1]

## A. Weight Afforded to Treating Physicians

A "treating physician" is one who actually treats the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating doctor's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons. *Id*. If a treating doctor's opinion is contradicted by another doctor, it may only be rejected for "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id*. (citations omitted). Ms. Powers's treating physician—Doctor Mark Goldberg and Physician Assistant Kurt Giles[2]—submitted reports opining that Ms. Powers was disabled and unable to work. (Tr. 439–44, 485–86, 800–01). The ALJ gave both opinions "less weight" for a number of reasons: (1) failure to discuss that pain medication relieves pain; (2) the relatively mild treatment that was accepted by the Claimant; (3) the record's failure to "indicate significant physical findings on examination;" and (4) the lack of support for the opinion that the claimant can only stand or walk less than two hours a day. (Tr. 25–26).

---

[1] In the Reply, Ms. Powers requests that the Court remand the case for a computation of benefits under the credit-as-true rule. (Doc. 21, p. 10). Because Ms. Powers raised this for the first time in the Reply, the Court will not consider this argument. Further, there appears to be evidence in the record from which the ALJ could make a determination that the Claimant is not in fact disabled.

[2] P.A. Giles is referred to as "Dr. G. Kurt," "Dr. Kurt," or "Dr. Kirk" throughout the ALJ's opinion. (Tr. 25). This is incorrect. Mr. Giles is a Physician Assistant, and his last name is "Giles," not "Kurt" or "Kirk." The regulations in place at the time of the Claimant's filing and the ALJ's decision classify physician assistants as "other sources." SSR 06-03p. As such, "[i]nformation from these 'other sources' cannot establish the existence of a medically determinable impairment[;] there must be evidence from an 'acceptable medical source' for this purpose." *Id*. "Other sources" could provide "special knowledge of the individual and [ ] insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id*. Courts, therefore, held that physician assistants "are not entitled to the same deference" and that the "ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)) (internal quotations omitted). This regulation was rescinded effective March 27, 2017.

The ALJ's determinations may be supported by substantial evidence in the record, but the ALJ did not properly explain the basis for her rejection of Dr. Goldberg and P.A. Giles's opinions. A Claimant's improvement due to medication can be a reason to discount the credibility of a treating physician. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). In this case, however, while there is considerable support in the record for the fact that pain medication alleviated at least some of Ms. Powers's pain, (Tr. 587, 608, 610, 620, 622, 674, 677, 681, 687, 693), the same records indicate a continued level of pain despite the medication and therapy. Thus, in this instance the ALJ cannot simply discount the doctor's opinion by noting that he failed to account for the fact that his records indicate that therapy and medication relieved the pain, when that is an oversimplification of the doctor's records to the point of misstatement. To use the positive affect of medication and therapy as a basis for discounting the doctor's opinion, the ALJ must demonstrate that she has correctly characterized the doctor's medical records as a whole and adequately explain why the medical records demonstrate the treating physician's opinion should be afforded less weight.

Similarly, the record reflects that a surgical treatment was offered to Ms. Powers but she elected to decline it. (Tr. 563, 822, 828). The ALJ found that Ms. Powers's choice to decline the surgery demonstrated a conservative treatment plan inconsistent with permanent disability. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). The ALJ failed to discuss that there were significant risks associated with the surgery. Without more explanation from the ALJ, the assertion that the choice to decline a risky surgery necessarily results in a finding of non-disability is error. *See Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) ("Neither may an ALJ rely on the claimant's failure to take pain medication where evidence suggests the claimant had a good reason for not taking medication.").

The ALJ also noted that the record did not "indicate significant physical findings on examination" and that there was little support in examinations and throughout the record to limit Ms. Powers to less than two hours of standing or walking in a day. The ALJ's vague statement that the record does not "indicate significant physical findings on examination" is insufficient to find Ms. Powers is not disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). The ALJ must state with at least some clarity how the results of the examinations led to her conclusion that the treating physician's opinion should be discredited. The ALJ's statement that there is no support for the opinion that Ms. Powers can only stand or walk less than two hours a day is similarly insufficient. If there is evidence in the record that Ms. Powers can in fact stand and walk for more than two hours in a day, then the ALJ must cite that evidence and explain how it supports her findings. Dr. Cunningham, the consultative examiner, disagreed with Dr. Goldberg and P.A. Giles's opinions on how long Ms. Powers could stand or walk. Dr. Cunningham found that Ms. Powers had no restrictions on standing or walking. (Tr. 665). When the opinions of a treating physician conflict with another doctor's opinion, "the [ALJ] may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Lester*, 81 F.3d at 830. Even assuming the ALJ considered and relied on Dr. Cunningham's findings in discounting Dr. Goldberg and P.A. Giles's opinions, the ALJ did not meet the required standard.[3] The ALJ's statement that there is "no support" for the treating physicians' opinions does not constitute specific and legitimate reasons supported by substantial evidence.

---

[3] By contrast, where the "treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester*, 81 F.3d at 830. As the ALJ did not meet the lower standard of "specific and legitimate," the ALJ would also be unable to meet this standard.

Finally, ALJ also rejected Dr. Goldberg's conclusion that Ms. Powers's ability to lift was limited. In doing so, the ALJ stated that "[i]t is unreasonable to find that the claimant can only lift between 0-10 pounds given that the claimant has minimal impairments in the upper extremities." (Tr. 26). The ALJ cites nothing to support the finding that an ability to lift is uniquely connected to impairments in the upper extremities. An ALJ may not substitute her own medical judgment for that of a medical expert. *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (stating that the ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion" and that the ALJ is "simply not qualified to interpret raw medical data in functional terms"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (noting that ALJs "must not succumb to the temptation to play doctor and make their own independent medical findings"). The ALJ did not sufficiently support her determination that the opinions of Dr. Goldberg and P.A. Giles were due less weight.

### B. Claimant's Credibility

When a claimant alleges subjective symptoms, like pain, the ALJ must follow a two-step analysis to decide whether to credit the claimant's testimony. First, the claimant "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (quotation marks omitted). The claimant does not need to show "that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the claimant can make the showing required in the first step and the ALJ does not find any evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281.

The ALJ found that Ms. Powers was "not fully credible," but did not make any findings of malingering. (Tr. 26). First, the ALJ stated that the "objective evidence [did]

not support the claimant's allegations of severity of pain." *Id*. In making this finding, the ALJ relied on the fact that the Ms. Powers received only mild treatment, her quality of life was improving, and physical examinations generally found only mild limitations.[4] (Tr. 24). Second, the ALJ noted that the Ms. Powers underwent surgery for abdominal reconstruction and breast lift in December 2014. The ALJ determined that this was an elective, cosmetic surgery, and as such, "it is unreasonable for the claimant to undergo elective surgery if the claimant believes she has debilitating medical conditions that render her disabled." (Tr. 24).

Ms. Powers was found to suffer from the severe impairments of disc disease of the cervical spine, lumbar spine disease, and knee osteoarthritis. These impairments could reasonably be expected to produce the pain and difficulty of movement that Ms. Powers alleges is disabling. Ms. Powers, therefore, satisfied the first step of the analysis. At the second step, if the "evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). But, the Court "may not affirm [the ALJ's decision] simply by isolating a specific quantum of supporting evidence." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). The ALJ did not offer specific, clear and convincing reasons for rejecting Ms. Powers's testimony about the severity of her symptoms. The ALJ "must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ noted Ms. Powers's mild treatment, her relief due to pain medications, improvement from physical therapy, her weight loss, and the mild nature of many of her ailments. (Tr. 24–25). Here, however, the ALJ made these determinations about the evidence in the record generally. The ALJ did not discuss which parts of Ms. Powers's testimony were not credible and what medical evidence contradicted her testimony.

---

[4] The Court determined in prior Sections that the ALJ failed to properly explain her bases for rejecting the physicians' opinions. That deficiency, which was repeated by the ALJ in rejecting the claimant's symptom testimony, presents the same problems here.

Additionally, the ALJ noted that Ms. Powers underwent surgery to remove excess skin after a successful gastric bypass procedure and resulting weight loss. The ALJ's statement that this surgery was cosmetic is not supported by the record. Rather, the excess skin caused rashes and lesions along skin folds that were not responsive to more conservative treatment by using creams. (Tr. 817). The surgery was deemed "medically necessary" and doctors believed it would aid in "improvement in her neck, back and shoulder pain." (Tr. 818). The ALJ also stated a belief that it is "unreasonable" for a claimant to undergo elective surgery if the claimant has a disabling condition. The ALJ cites no medical opinion for this assumption.

### C. Denial of Subpoena[5]

The consultative examiner, Doctor Keith Cunningham, opined that Ms. Powers was not disabled and limited her to a light-work RFC. (Tr. 659–61, 664–66). The ALJ gave Dr. Cunningham's opinion great weight. (Tr. 25). Ms. Powers requested a subpoena to enable a cross-examination of Dr. Cunningham at the hearing. (Tr. 311–16). Although a claimant is "not entitled to unlimited cross-examination," some "cross-examination [ ] may be required for a full and true disclosure of the facts." *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983) (quoting 5 U.S.C. § 556(d)). Generally, the ALJ has discretion to determine whether cross-examination is warranted. *Solis*, 719 F.2d at 302. However, when a claimant has "availed himself of the right to request cross examination, and [when] the report [is] so crucial to the ALJ's decision, . . . denial of [the claimant's] request [is] an abuse of discretion." *Id.* This is particularly true when "the physician is a crucial witness whose findings substantially contradict the other medical testimony." *Id.* at 301. *See also Bello v. Asture*, 241 Fed. Appx. 426, (9th Cir. 2007) (holding that where the consultative examiner's opinion was the primary basis for the ALJ's denial of

---

[5] Plaintiff's Opening Brief seems to challenge the other two consultative physicians, Drs. Wright and Hopkins. (Doc. 14, p. 24). In Plaintiff's Reply Brief, however, Plaintiff asserts that she does not challenge the weight given to these doctors' opinions or that error was committed by denying her ability to cross-examine them. (Doc. 24, p. 2, n. 3). The Court, therefore, only evaluates the ALJ's actions with respect to Dr. Cunningham.

benefits and it "substantially contradicted" the opinion of treating physicians, the ALJ abused her discretion by denying the motion to subpoena the consultative examiner).

Here, Dr. Cunningham's opinion played a large role in the ALJ's determination. It is the only opinion that the ALJ gave great weight to, and the ALJ adopted Dr. Cunningham's determination of Ms. Powers's RFC. (Tr. 25). Dr. Cunningham's evaluations conflicted with those of both of Ms. Powers's treating physicians. Moreover, Dr. Cunningham's own reports contain inconsistencies. He notes that although Ms. Powers "can come into the hallway and stand[,] [s]he is in pain the entire time. She has high pain behavior." (Tr. 660). Ms. Powers would not "stand on each leg independently or heels and toes" because "she feels like her left leg will give out on her." (Tr. 661). Dr. Cunningham noted that there was a "[l]imited examination due to pain." *Id.* However, in his report to the SSA, Dr. Cunningham marked "no" in answer to whether the claimant has any limitations standing or walking." (Tr. 665). Dr. Cunningham gives no discussion of what evidence he used to reach any of his medical conclusions. Because Dr. Cunningham's opinion substantially contradicted the treating physicians, was given great weight by the ALJ, and contains inconsistencies, it was error for the ALJ to not grant Ms. Powers's subpoena request.

### D. Weight Afforded to Third-Party Report

Ms. Powers's nephew, Gary Powers, submitted a report opining that Ms. Powers suffered from severe pain which limited her physical abilities. (Tr. 274–81). The ALJ gave partial weight to the report, crediting Mr. Powers's discussion of Ms. Powers's activities. But, the ALJ did not find the discussion of the severity of Ms. Powers's impairments entirely credible because they were inconsistent with the objective medical evidence. Further, the ALJ noted that because of Mr. Powers's familial relationship to Ms. Powers, "he cannot be considered a disinterested third party whose allegations would not tend to be colored by affection for the claimant." (Tr. 26).

ALJ's may consider evidence from nonmedical sources. 20 C.F.R. § 404.1513(a)(4), § 404.1529(c), § 404.1545(e); SSR 16-3p. This testimony is

"competent evidence . . . and therefore cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations and emphasis omitted). To discount the testimony of a lay witness, the ALJ "must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). To the extent that, in rejecting Mr. Powers's testimony the ALJ merely repeated the reasons above that have been deemed insufficient, they are similarly insufficient to reject the testimony of Mr. Powers.

## CONCLUSION

The ALJ erred in weighing the opinions of Dr. Goldberg and P.A. Giles, Ms. Powers's credibility, and the opinion of her nephew, Gary Powers. The ALJ also erred by not granting the subpoena for Dr. Cunningham, since his opinion was heavily relied on and varied significantly from the treating physicians' opinions. Therefore, the Court remands to the ALJ for further consideration in line with this decision.

**IT IS THEREFORE ORDERED** that the ALJ's decision is vacated and remanded for consideration in accordance with this opinion. The Clerk of Court is directed to remand this matter.

Dated this 7th day of March, 2018.

_____
Honorable G. Murray Snow
United States District Judge